**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 17 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MAILIN ESTEVEZ-PORTILLO,

Petitioner,

v.

MATTHEW G. WHITAKER, Acting Attorney General,

Respondent.

No. 16-73930

Agency No. A205-150-905

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 15, 2019**

Before: TROTT, TALLMAN, and CALLAHAN, Circuit Judges.

Mailin Estevez-Portillo, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' order denying her appeal from an immigration judge's ("IJ") decision denying cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

agency's continuous physical presence determination. *Zarate v. Holder*, 671 F.3d 1132, 1134 (9th Cir. 2012). We review de novo claims of due process violations. *Lianhua Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny the petition for review.

Substantial evidence supports the agency's determination that Estevez-Portillo did not show the requisite ten years of continuous physical presence to establish eligibility for cancellation of removal, where she testified she entered the United States after her fifteenth birthday, which is months short of the point at which she needed to establish presence. *See* 8 U.S.C. § 1229b(b)(1)(A); *Zarate*, 671 F.3d at 1134 ("Under the substantial evidence standard, a petitioner can obtain reversal only if the evidence compels a contrary conclusion.").

The record does not support Estevez-Portillo's contention that the IJ was aggressive in questioning her, such that the IJ was no longer impartial, or otherwise violated due process. *See Lianhua Jiang*, 754 F.3d at 741 (no lack of IJ impartiality, where IJ's questions were an attempt to clarify the relationship between the alien and a witness, and not an indication of bias).

**PETITION FOR REVIEW DENIED.**

16-73930